# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| NEW MAGIC PRODUCTIONS NETWORK, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MANN ROBINSON DISTRIBUTION LLC & <br> MANN ROBINSON STUDIOS LLC, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> JURY TRIAL REQUESTED |

## COMPLAINT

COMES NOW, Plaintiff NEW MAGIC PRODUCTIONS NETWORK, LLC ("New Magic"), by and through its undersigned counsel, and files this Complaint against Defendants MANN ROBINSON DISTRIBUTION LLC ("MRD") and MANN ROBINSON STUDIOS LLC ("MRS"), alleging as follows:

## PRELIMINARY STATEMENT

1. This action arises from Defendants' distribution and exploitation of Plaintiff's copyrighted television series under agreements that were never authorized by, and do not bind, Plaintiff.

2. Defendants have generated substantial revenue from exploiting the Series while withholding payment from Plaintiff and refusing to cease distribution despite Plaintiff's demand.

3. The facts set forth herein are further supported by the accompanying Declaration of Tommie Glover, New Magic's Creator, Executive Producer, and CEO, attached hereto as Exhibit G and incorporated herein by reference.

**PARTIES**

4. Plaintiff New Magic Productions Network, LLC ("New Magic") is a Georgia limited liability company with a principal address of P.O. Box 724973, Atlanta, GA 31139.

5. Defendant Mann Robinson Distribution LLC ("MRD") is a Georgia limited liability company, served via its registered agent, Registered Agents Inc, 8735 Dunwoody Place, STE R, Atlanta, GA 30350.

6. Defendant Mann Robinson Studios LLC ("MRS") is a Georgia limited liability company, served via its registered agent, Eric Robinson, Jr., 1035 Donnelly Ave SW, Atlanta, GA 30310.

7.  MRD and MRS are collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and jurisdiction to grant declaratory relief under 28 U.S.C. § 2201.

9.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this district and Defendants reside here.

## FACTS

11. New Magic is in the business of producing and distributing television and film content.

12. Marshawn Davis ("Davis") wrote a script concerning a man falsely accused of a crime and his journey through the judicial system.

13. New Magic obtained the script and produced a four-part television series entitled "Walk With Me" (the "Series"), bearing primary creative and production responsibility for the Series.

14. Davis' involvement in the Series was limited to writing the original script.

15. Davis was never an agent, officer, member, or employee of New Magic, and had no authority, actual or apparent, to bind New Magic to any contract, license, or other legal instrument.

16. New Magic is the owner of U.S. Copyright Registration Nos. PA 2-589-379, PA 2-595-617, PA 2-595-618, and PA 2-595-633, for the Series, true and correct copies of which are attached hereto as Exhibits A through D (the "Copyrights").

17. MRS provided ancillary production services toward completion of the Series.

18. New Magic and MRS informally agreed that MRS would be compensated by recouping its production costs from the Series' earnings, with any further income to be shared with New Magic. New Magic and MRD separately and informally agreed that MRD would distribute the Series.

19. An Executive Producer Agreement bearing the printed date of April 8th, 2023 (the "EP Agreement") purports to bind "Marshawn Davis/New Magic Productions" to Mann Robinson Studios, LLC, granting MRS, among other things, purported "rights for distribution perpetually for the picture" and a producer profit share. A true and correct copy is attached hereto as Exhibit E.

20. A License Agreement dated October 14th, 2024 (the "License Agreement," and together with the EP Agreement, the "Agreements") purports to grant MRD exclusive worldwide distribution rights to the Series, subject to a 20% distribution fee and quarterly payments to "Licensor." A true and correct copy is attached hereto as Exhibit F.

21. The EP Agreement was signed by Davis on October 14th, 2024, and purportedly on behalf of "New Magic Productions" by an unknown individual on October 25th, 2024.

22. The License Agreement was likewise signed by Davis and purportedly on behalf of "New Magic Productions" by an unknown signatory.

23. Neither signature purporting to bind "New Magic Productions" was executed by any officer, member, employee, or authorized representative of New Magic.

24. New Magic never authorized any person to execute the Agreements on its behalf, and never assented to either Agreement.

25. New Magic's Creator, Executive Producer, and CEO has confirmed under penalty of perjury that the signature appearing on each Agreement under or near the name "New Magic Productions" is not his signature, and that he never authorized any person to sign on New Magic's behalf. (See Declaration of Tommie Glover, attached hereto as Exhibit G, ¶¶ 6–8.)

26. On information and belief, Defendants paid Davis, and/or the unknown individual who purported to sign on behalf of "New Magic Productions," in exchange for their signatures on the Agreements.

27. New Magic's access to, and use of, a reporting portal referenced in the Agreements after their purported execution was consistent with the parties' pre-existing informal arrangement and did not constitute New Magic's acceptance of, or assent to, the Agreements' terms. (See Ex. G, ¶ 11.)

28. MRD subsequently sub-licensed the Series to multiple platforms, including Tubi and Amazon Prime, and the Series has generated significant revenue.

29. On December 11th, 2025, New Magic sent Defendants a cease-and-desist letter disputing the validity of the Agreements and demanding takedown of the Series and payment.

30. On January 5th, 2026, counsel for Defendants responded, disputing New Magic's authority to act under the Agreements, asserting that New Magic's notice failed to comply with the Agreements' 30-day cure provision, invoking MRS's claimed perpetual distribution rights under the EP Agreement, and asserting a right to offset future payments against claimed recoupment balances.

31. On or about February 3rd, 2026, counsel for Defendants provided a purported accounting of revenue, expenses, and recoupment, while

continuing to treat the Agreements as valid and binding on New Magic and continuing to withhold amounts pending recoupment.

32. New Magic disputes the accuracy and methodology of this accounting, including the characterization and amount of claimed production-cost credits.

33. On or about July 23rd, 2026, Defendants emailed New Magic with a purported breakdown of revenue for the Series from Quarter 4 of 2025 and Quarter 1 of 2026.

34. In the July 23rd email, Defendants made no mention of the unpaid revenue for Quarters 1-3 of 2025.

35. In the July 23rd email, Defendants did not enumerate the fees they subtracted from the reported revenue.

36. In the July 23rd email, Defendants indicated that they had paid three thousand dollars ($3,000.00) directly to Davis, despite the fact that neither the informal arrangement nor the invalid contracts dictate that Davis should be paid directly by Defendants.

37. In the July 23rd email, Defendants indicated that they had sent a payment of the aforementioned quarterly revenues to New Magic.

38. New Magic received payment in the amount of four thousand nine hundred eighty seven dollars and two cents ($4,987.02).

39. New Magic requested an accounting, which Defendants did not provide.

40. Defendants have not compensated New Magic in an amount consistent with the parties' actual, informal arrangement, and continue to distribute the Series and to treat the unauthorized Agreements as controlling.

## COUNT I

### Declaratory Judgment — Invalidity of the Agreements
### 28 U.S.C. § 2201

41. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

42. An actual controversy exists between the parties as to whether the Agreements bind New Magic, given that no authorized representative of New Magic executed either Agreement.

43. New Magic is entitled to a declaration that the EP Agreement and the License Agreement are void and unenforceable as against New Magic, and that Defendants possess no rights thereunder as to New Magic or the Series.

## COUNT II

### Fraud — Against MRD and MRS
### O.C.G.A. § 51-6-1

44. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

45. Defendants knew, or acted with reckless disregard of the fact, that neither Davis nor the unknown co-signer had authority to bind New Magic, including because Defendants were separately dealing with New Magic directly regarding distribution and production compensation at the time the Agreements were executed.

46. On information and belief, Defendants paid for the signatures purporting to bind New Magic despite knowing the signatories lacked authority to grant the rights purportedly conveyed.

47. Notwithstanding that knowledge, Defendants have represented and continue to represent to New Magic, including through counsel's January 5th, 2026 and February 3rd, 2026 correspondence, that the Agreements are valid, binding, and govern the parties' relationship, and that payment will be made in accordance with their terms.

48. These representations are false, and Defendants know them to be false.

49. Defendants made these representations with the intent to induce New Magic to forbear from immediately pursuing legal action and to instead await accounting and payment under the Agreements.

50. New Magic reasonably and justifiably relied on these representations and forbore from immediate suit, instead pursuing correspondence and demand,

as confirmed in the accompanying Declaration of Tommie Glover, Exhibit G, ¶¶ 15–17.

51. As a direct and proximate result, Defendants have continued to exploit and sub-license the Series and to withhold and offset revenue during the period of New Magic's reliance and forbearance, to New Magic's damage in an amount to be proven at trial, together with punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT III

**Copyright Infringement — Against MRD**
**17 U.S.C. § 501**

52. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

53. New Magic owns the Copyrights and possesses the exclusive rights set forth in 17 U.S.C. § 106.

54. MRD has reproduced, distributed, and publicly performed the Series, and authorized others to do so, without New Magic's authorization, under the false representation that MRD held a valid license from New Magic.

55. On information and belief, MRD has represented to Tubi, Amazon Prime, and other distributors that it possessed a valid license from New Magic, when no such license existed.

56. MRD's conduct as alleged herein constitutes infringement of New Magic's exclusive rights under 17 U.S.C. § 106, in violation of 17 U.S.C. § 501.

57. As a direct and proximate result of MRD's infringement, New Magic has suffered actual damages, and MRD has realized profits attributable to the infringement, in an amount to be determined at trial pursuant to 17 U.S.C. § 504(b).

## COUNT IV

**Breach of Contract (In the Alternative to Counts I–III) — Against MRD and MRS**

58. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

59. In the alternative, to the extent the Agreements are found valid and binding on New Magic, MRD has failed to pay New Magic amounts due under the License Agreement's quarterly payment terms, and MRD and MRS are in default of their obligations thereunder.

60. New Magic has provided notice consistent with the Agreements to the extent required, and Defendants have failed to cure.

61. As a direct and proximate result, New Magic has been damaged in an amount to be proven at trial.

## COUNT V

**Unjust Enrichment (In the Further Alternative) — Against MRS, and
Alternatively Against MRD**

62. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

63. Independent of the validity of the Agreements, New Magic and MRS had an informal arrangement whereby MRS would recoup production costs from the Series' earnings and share any excess income with New Magic.

64. MRS has recouped, or is in the process of recouping, its production costs while retaining additional income without compensating New Magic.

65. In the further alternative, MRD has retained revenue from its exploitation of the Series without compensating New Magic.

66. It would be inequitable to allow Defendants to retain these benefits without payment to New Magic.

## COUNT VI

**Accounting — Against MRD and MRS**

67. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

68. Defendants possess exclusive knowledge of, and control over, records concerning the Series' earnings, expenses, recoupment calculations, and distributions.

69. Defendants' February 3rd, 2026 accounting is disputed as to its methodology, its characterization of claimed production-cost credits, and its completeness. (See Ex. G, ¶ 18.)

70. New Magic has no adequate remedy at law absent a full equitable accounting of all revenue generated by, and expenses charged against, the Series.

## COUNT VII

### Injunctive Relief — Against MRD
### 17 U.S.C. § 502

71. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

72. This Count is brought in connection with, and contingent upon, New Magic's copyright infringement claim in Count III and its declaratory judgment claim in Count I.

73. Because MRD's claimed license derives solely from the Agreements, and because New Magic has never authorized those Agreements, MRD's continued distribution of the Series constitutes ongoing, unauthorized infringement.

74. New Magic has suffered and will continue to suffer irreparable harm as a result of MRD's continued, unauthorized distribution of the Series, including

loss of control over its copyrighted work, loss of licensing opportunities, and harm to the market for the Series that cannot be fully remedied by an award of money damages alone, as further described in the Declaration of Tommie Glover, Exhibit G.

75. Remedies available at law, including monetary damages, are inadequate to compensate New Magic for the continuing and ongoing nature of MRD's infringement.

76. Considering the balance of hardships between New Magic and MRD, a remedy in equity is warranted.

77. The public interest would not be disserved by a permanent injunction, as the public interest favors protection of valid copyrights and enforcement of rights against unauthorized exploitation.

78. New Magic is therefore entitled to preliminary and permanent injunctive relief enjoining MRD, its officers, agents, employees, and all persons acting in concert with it, from further reproducing, distributing, publicly performing, or otherwise exploiting the Series pending resolution of, and consistent with the outcome of, Counts I and III.

79. Plaintiff's Motion for Preliminary Injunction is attached hereto as Exhibit H, and a brief in support thereof is attached hereto as Exhibit I.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

1.  A declaration that the EP Agreement and the License Agreement are void and unenforceable as to New Magic;

2.  A finding that MRD and MRS committed fraud against New Magic;

3.  A finding that MRD infringed New Magic's copyrights in the Series;

4.  In the alternative, a finding that MRD and MRS breached the Agreements;

5.  In the further alternative, a finding that MRS and/or MRD have been unjustly enriched;

6.  An order directing Defendants to provide a full and complete equitable accounting of all revenue generated by, and expenses charged against, the Series;

7.  Preliminary and permanent injunctive relief enjoining MRD from further distribution, reproduction, or public performance of the Series, consistent with Count VII;

8.  Damages, in an amount to be proven at trial, including actual damages and disgorgement of Defendants' profits;

9.  Pre-judgment and post-judgment interest on all sums awarded;

10. Attorneys' fees and costs of litigation to the extent recoverable under applicable law; and

11. Such other and further relief as this Court deems just and proper.

This 11th of August, 2026.

/s/ *Jacob Medoff*
Jacob O. Medoff
GA Bar No. 211318
**Conway Eader LLLP**
50 Hurt Plz SE
Suite 1142
Atlanta, GA 30303
Telephone: (470) 764-7164
jake@conwayeader.com
*Attorney for Plaintiff*